[Civ. No. 5348.   Second Appellate District, Division One.—January 4, 1929.]

FRED H. HODGINS, Respondent, v. JAMES J. DONAHUE, Appellant.

Young & Young, Milton K. Young, Lyndol L. Young, William K. Young and L. R. Brigham for Appellant.

Joseph L. Lewinson, Benjamin F. Bledsoe and Frank L. Kostlan for Respondent.

YORK, J.—■ This is an appeal from a judgment rendered in favor of a real estate salesman for a commission against a broker other than his employer broker, the contention of the appellant being that the decision of *Firpo v. Murphy*, 72 Cal. App. 249 [236 Pac. 968], is controlling, and from that decision he inferred that the court meant that the particular service had to be rendered to the employer broker by the real estate salesman in order to enable the salesman to recover. That is not the way we construe the law as to the holder of a real estate salesman's license.

In case the real estate salesman should leave the employ of his employer broker and should do business at another place, that would raise a question, which is not before this court. So far as the evidence shows, the real estate salesman was still located with and doing business from the office of his employer broker; and in the course of such work,

he rendered services for another broker, the defendant and appellant herein.

The appellant further contends that the plaintiff did not produce a purchaser ready, able, and willing to buy the property in question. It does not lie in the mouth of the appellant to object in a case where he proceeded to and did sell the property to a third person, as he had placed it beyond his power to make the conveyance in accordance with his agreement with the real estate salesman, especially when, as in this case, there was sufficient evidence to support the findings of the trial court that the purchaser secured by the salesman was ready, willing, and able, and that the findings were sufficient to support the judgment.

The judgment is therefore affirmed.

Houser, Acting P. J., and Crail, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on January 24, 1929, and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 4, 1929.

All the Justices present concurred.